504 P.2d 931

**STATE of Arizona, Appellee,**
v.
**Joseph Ralph MORAN, Appellant.**
No. 2356.

Supreme Court of Arizona,
In Banc.
Dec. 27, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, Pamela S. Lance, Law Student, University of Arizona, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Joseph Ralph Moran appeals to this court from a judgment entered upon jury verdicts which found him guilty of two counts of robbery and from consecutive sentences of not less than nine nor more than ten years on each count.

The relevant facts are as follows: On May 28, 1970, shortly before 5:00 P. M., the defendant and another younger man entered Vic's Pharmacy in Phoenix. Two persons, Ruby Jones, an employee, and Victor Howard, the owner, were in the store at the time. The two men proceeded to the prescription counter, Moran drew his gun and said, "This is a holdup." The defendant's partner bound and gagged Mr. Howard with adhesive tape. Moran had Mrs. Jones open the safe, then the cash register, and finally the narcotics drawer. The man accompanying the defendant held his gun on Mrs. Jones while Moran collected the money and narcotics. Mrs. Jones was bound and gagged and the defendant took her billfold which contained five credit cards, her identification, some photographs and $1.00. Moran and his partner were in the pharmacy a total of some ten minutes.

Approximately two weeks after the robbery, a Phoenix Police Department detective took seven or eight photographs to the

pharmacy to show to Howard. The next to last photograph was of Moran. Howard testified on cross-examination that the detective did not refer to Moran by name and that he did not single out Moran's photograph, which Howard identified as one of the men who had robbed him. Howard was adamant that his in-court identification was based exclusively upon his observation of the defendant at the time of the robbery, in spite of the fact that the defendant had since grown a moustache. Mrs. Jones, the only other witness during the entire trial, did not see any photographs of the defendant prior to trial.

On appeal, Moran argues only one point. He contends that it was error for the trial court to deny his request for an instruction that the jury must be satisfied beyond a reasonable doubt that the in-court identification was independent of the previous pretrial identification. It is to be noted that at the trial, defense counsel did not ask for a hearing outside the presence of the jury to determine if the in-court identification was tainted by the display of photographs.

We set forth the basic principles to be followed in pretrial identification situations in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969). There, Justice Struckmeyer said:

"[W]here, as here the in-court identification is challenged at the trial level, meaningful review requires that the appellate court reach one of the following conclusions: if it can be determined from the record on clear and convincing evidence that the in-court identification was not tainted by the prior identification procedures or from evidence beyond a reasonable doubt that it was harmless, and there is otherwise no error, the conviction will be affirmed. . . ." 104 Ariz. at 383–384, 453 P.2d at 954–955.

In the instant case, one of the two witnesses was shown seven or eight photographs of Caucasian males, all of the same age bracket as the defendant. From this selection he immediately selected Moran's picture. The defense has not argued that the selection of photographs was unfair or suggestive. The only other witness, who had seen no pretrial photographs of Moran, confidently identified him at trial as the man involved in the robbery. The record is clear beyond a reasonable doubt that the in-court identification was not tainted by prior identification procedures; therefore, the failure to instruct thereon was not error.

Affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.