508 P.2d 1144

The STATE of Arizona, Appellee,

v.

Robert Edward STOW, Appellant.

No. 2346.

Supreme Court of Arizona,
In Division.

April 16, 1973.

Gary K. Nelson, Atty. Gen., by Louis A.
Moore, Jr. and Ronald R. Crismon, Asst.
Attys. Gen., Phoenix, for appellee.

Henry L. Zalut, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from verdicts and
judgments of guilty to three counts of rob-
bery, § 13–641 A.R.S., with concurrent sen-
tences of 6 to 10 years on each count; and
three counts of assault with a deadly weap-
on, § 13–249 A.R.S., with concurrent sen-
tences of 5 to 6 years on each count; but
to be served consecutively to the sentences
on the three robbery counts. Defendant's
motion for new trial was denied as was his
motion to vacate judgment and sentencing.

While we are asked to determine ten
questions on appeal, we believe that the an-
swer to one is dispositive of this matter:
Was it error for the court to refuse to
give defendant's requested instruction con-
cerning the in-court identification?

The facts necessary for a determination
of the matter on appeal are as follows.
On 12 September 1970, three men wearing
women's wigs and holding guns entered the
"O. T. Liquors" store at Third Avenue and
Roosevelt in the city of Phoenix, Arizona.
At the request of one of the men, later
identified as the defendant Robert Edward
Stow, Paul H. Wielins, an employee of the

store, emptied the cash register of approximately $150.00 including 4 marked bills and gave it to the robbers. One of the robbers took a credit card, checkbook, and five dollars from Mrs. Wielins. In the interim, Rose Ann Johnson entered the store and ten dollars was taken from her. The robbers drove off in a blue colored Ford Mustang. A witness outside the store reported the license number to the police. Descriptions of the robbers were taken by the police.

The automobile was traced to one Anthony Patricella with the result that the residence (a duplex) of Anthony Patricella was placed under surveillance until a search warrant could be obtained. While observing the residence, Officer Brunette observed the defendant at the residence and near the suspect car. Later Detective Shugart arrived with a search warrant for Mr. Patricella's half of the duplex and found among other items the stolen credit card. They then entered the other half of the duplex and found and arrested the defendant Stow.

Mrs. Wielins was shown several photographs, one of which was that of the defendant, but misidentified the defendant and did not identify the defendant in court. Rose Ann Johnson was unable to identify the defendant.

At the trial, after three preliminary hearing dates at which time Mr. Wielins had an opportunity to observe the defendant in custody, the defendant was positively identified as the robbery by Mr. Wielins. The jury returned verdicts of guilty to robbery and assault with a deadly weapon as to each of the three victims—Mr. and Mrs. Wielins and the customer Rose Ann Johnson. After motions for new trial and to vacate judgment were denied, the defendant appealed.

At the hearing before the trial to suppress any in-court identification, Mr. Wielins testified as follows:

"Q  Now, sir, were you ever shown any photos by the Phoenix Police Department of possible suspects to the crime?

"A  Yes, I was.

"Q  And do you remember how long after this incident you were shown these photos?

"A  Just a few days afterwards.

"Q  Do you remember approximately how many were shown to you?

"A  I think it was four.

\*     \*     \*     \*     \*     \*

"Q  Did you after viewing the photos pick out any one in the photo?

"A  No.

"Q  Did you tell him that there might be a possibility or a likeliness that one of them was the person?

"A  I thought one of them might have been, but I wouldn't say which one it was.

"Q  Now, from the time of the incident, being the robbery date and time until today's date, have you ever seen the defendant since that time?

"A  Yes, I have. There were, I believe, two preliminaries which were postponed, and today as I was pulling in my parking space I noticed him walking on the street with a yellow shirt on."

Defendant contends that it was error for the trial court to refuse to give defendant's requested instruction No. 1 which reads:

"Before returning a verdict of guilty, you must be satisfied beyond a reasonable doubt that the in-court identification was independent of the previous pretrial identification or if not derived from an independent source, you must find from other evidence in the case that the defendant is the guilty person beyond a reasonable doubt."

This instruction is a correct statement of the law as stated in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969). In

that case we discussed the procedures to be followed by the trial court as follows:

"*First,* if at the trial the proposed in-court identification is challenged, the trial judge must immediately hold a hearing in the absence of the jury to determine from clear and convincing evidence whether it contained unduly suggestive circumstances. In this the burden is on the prosecution to establish from all the circumstances surrounding the pretrial identification that it was not such as to be unduly suggestive.

"*Second,* if the trial judge concludes that the circumstances of the pretrial identification were unduly suggestive or that the prosecution has failed to establish by clear and convincing evidence that they were not, then it is the prosecution's burden to satisfy the trial judge from clear and convincing evidence that the proposed in-court identification is not tainted by the prior identification.

"*Third, if requested, the court must* instruct the jury that before returning a verdict of guilty it must be satisfied beyond a reasonable doubt that the in-court identification was independent of the previous pretrial identification or if not derived from an independent source, it must find from other evidence in the case that the defendant is the guilty person beyond a reasonable doubt." State v. Dessureault, supra, 104 Ariz. at 384, 453 P.2d at 955. (Emphasis supplied)

■ While the trial court followed the proper procedure in holding a hearing on the challenge to the proposed in-court identification, it failed to give the identity instruction which, if requested as was done here, is mandatory under Dessureault, supra, and for that reason the matter will have to be reversed for new trial.

Reversed and remanded for new trial consistent with this opinion.

HAYS, C. J., and DONOFRIO, P. J., concur.