533 P.2d 569

**The STATE of Arizona, Appellee,**

v.

**Leon Henderson HARRIS, Appellant.**

**No. 2 CA–CR 479.**

Court of Appeals of Arizona,
Division 2.

March 27, 1975.

Rehearing Denied April 29, 1975.
Review Denied June 10, 1975.

Bruce E. Babbitt, Atty. Gen. by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appeal is taken from the judgment finding defendant guilty of grand theft and ordering that he be incarcerated in the state prison for a period of not less than ten years nor more than ten years and one day.

On June 28, 1974, two young black men entered the Emmerich Jewelry Store and were waited on by Mrs. Emmerich. While the men were looking at jewelry, one of them asked Mrs. Emmerich for a drink of water. She left the sales area and returned less than a minute later with the water. After drinking the water, the men left. Later in the day, Mrs. Emmerich discovered that her wallet and six diamonds wrapped in diamond paper were missing from her purse which had been under a desk in the sales area. She had put the diamonds in her purse the previous day to show to a prospective buyer and had forgotten to return them to the safe. Six diamonds matching the description of those stolen were offered to a pawnbroker later in the day. At first he accepted them, and a pawn slip was filled out and signed by defendant. Then the pawnbroker recanted and refused to accept the gems.

After discovering that the diamonds were missing, Mrs. Emmerich recreated the day's events and decided that the only individuals in the store who were not regular customers were the two black men. She reported the crime to the police. In the course of the police investigation Mrs. Emmerich was shown three sets of photographic identifications: One was a group of six full-face photographs of young, black men out of which Mrs. Emmerich chose defendant as one of the thieves; the second was a color photograph of defend-

ant taken shortly after he was arrested which she identified as the same man she had previously identified; the third photo line-up did not contain defendant's picture, and Mrs. Emmerich could not identify anyone in it.

■ On this appeal, defendant raises three issues: Whether the trial court erred in refusing to instruct the jury as required by State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969) cert. denied 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970); whether the court erred in failing to suppress the in-court identification of defendant; and whether certain testimony prejudicially conveyed to the jury the idea that defendant had a prior police record.

In *Dessureault,* our Supreme Court held:

"*Third,* if requested, the court must instruct the jury that before returning a verdict of guilty it must be satisfied beyond a reasonable doubt that the in-court identification was independent of the previous pretrial identification or if not derived from an independent source, it must find from other evidence in the case that the defendant is the guilty person beyond a reasonable doubt." 104 Ariz. at 384, 453 P.2d at 955.

In the instant case, defendant requested such an instruction. The trial court refused to give it. The trial court's action was correct. The requirements of *Dessureault* are sequential; that is, after the court finds that the pretrial identification was unduly suggestive and that by clear and convincing evidence the in-court identification was not tainted, then, if requested, the court must give the above instruction. In State v. Stow, 109 Ariz. 282, 508 P.2d 1144 (1973), the court held that the failure to give the instruction was reversible error. The reason for that decision was that the pretrial identification was unduly suggestive; the witness was unable to identify the defendant at a pretrial identification, but after seeing the defendant *qua* defendant at three preliminary hearings, he positively identified the defendant at trial. In the instant case, the judge did not make

the initial ruling that is a prerequisite to giving the instruction. The judge found by clear and convincing evidence that the pretrial identification was not unduly suggestive. Therefore, he did not have to reach the question of whether the in-court identification was tainted nor did he have to give a *Dessureault* instruction.

■■ Nor do we believe that the court must instruct the jury concerning identification procedures where the judge concludes that the pretrial identification was not unduly suggestive.[1] Such an issue was presented in State v. Milton, 86 N.M. 639, 526 P.2d 436 (Ct.App.1974). In that case it was decided:

"The request was properly refused because the question of improper photographic identification is a matter for the trial court to decide in ruling on the admissibility of an in-court identification. United States v. Sutherland, 428 F.2d 1152 (5th Cir. 1970), cert. denied, 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972); see State v. Aguirre, 84 N.M. 376, 503 P.2d 1154 (1972)." 526 P.2d at 438.

Cf. State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972). Thus, if the trial court finds that the pretrial identification was not unduly suggestive, it need not do any of the following: (a) Determine whether an in-court identification was tainted; (b) instruct that the jury must be satisfied beyond a reasonable doubt that the in-court identification was independent; and (c) instruct that the jury must be satisfied beyond a reasonable doubt that the pretrial identification was fair.

■■ Defendant also challenges the refusal to suppress Mrs. Emmerich's in-court identification of him. The court below did not err because the procedures involved in Mrs. Emmerich's pretrial identification were not unduly suggestive. Under Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), when a court determines that the confrontation procedure is suggestive, then, and only then, should it examine "whether under the 'totality of the circumstances' the identification was reliable . . . ." Id. at 199, 93 S.Ct. at 382. Thus, the court below, having determined that the confrontation procedure was not suggestive, did not have to weigh Mrs. Emmerich's ability to observe and identify the thieves. When the act of showing Mrs. Emmerich the single photograph of defendant is compared with the procedure in State v. Murray, 106 Ariz. 150, 472 P.2d 19 (1970), we cannot say that the court below was wrong in permitting Mrs. Emmerich's in-court identification, particularly where she testified that it was independent of the pretrial photo line-ups.

■ Finally, defendant claims that prejudicial error occurred when a police officer, in describing how the first photo line-up was compiled, stated that defendant's picture was "about a year and a half, two years" old. Defendant claims that this testimony gave the jury the impression that he had a prior police record. We cannot agree. For all the jury knew, the photograph could well have come from sources other than police files. It was neither identified as a "mug shot" nor was it identifiable as a "mug shot". This situation seems virtually identical to that in State v. Finn, 111 Ariz. 271, 528 P.2d 615 (1974).

Affirmed.

HATHAWAY and KRUCKER, JJ., concur.

---

1. Defendant has not directly raised this issue; nor was such an instruction requested at trial.