931 P.2d 1089

**STATE of Arizona, Appellee,**

v.

**Robert OSORIO, Appellant.**

**No. 1 CA–CR 94–0736.**

Court of Appeals of Arizona,
Division 1, Department D.

June 20, 1996.

Review Granted Feb. 26, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Toni Marie Valadez, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

GARBARINO, Judge.

Robert Osorio (defendant) appeals his conviction and sentence for armed robbery. On appeal, he contends that his photographic lineup was unduly suggestive thereby tainting the in-court identification and that the trial court erred by failing to give the *Dessureault* instruction that he had requested. *See State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969), *cert. denied,* 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

## FACTS AND PROCEDURAL HISTORY

■ We view the evidence in the light most favorable to sustaining the jury's verdict. *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993).

Defendant was charged by indictment with one count of armed robbery, a class 2 felony. The State filed an allegation of the dangerous nature of the offense, an allegation of a prior felony conviction, and an allegation that the current offense was committed while defendant was on probation. Defendant filed a motion to exclude his pretrial identification, which the court denied.

At trial, the evidence established that the victim was managing a Circle K at 2:00 a.m. when defendant and another individual arrived. The victim greeted them and held the door open as they entered the store. One of the individuals proceeded to look around while the other remained near the door. Because of their suspicious behavior, the manager asked if he could help them. The first individual, later identified as defendant, responded, "We don't know yet. We will let you know." The manager then asked the second individual if he could help him, and the first individual repeated in a loud voice, "We don't know yet." According to the manager, the two individuals became "really nervous," at which time the manager dialed 911 and left the telephone receiver off the hook.

Defendant proceeded to a locked beer cooler. He pulled a loaded gun, cocked it, and put it approximately three inches from the victim's face, and ordered him to open the door. The victim retrieved the keys, opened the cooler, and removed two cases of beer at defendant's direction. Defendant grabbed the beer and walked away. In the interim, another customer entered the store, was approached by defendant, and was directed to "stay put."

The jury found defendant guilty of armed robbery and found the offense dangerous. Defendant filed a motion for a new trial, which was denied. The trial court sentenced defendant to a presumptive term of 10.5 years imprisonment, and credited him with 402 days of pretrial incarceration. Defendant was ordered to pay a felony assessment and restitution of $27.89. A timely appeal was filed.

## DISCUSSION

I. *Pretrial Identification*

Defendant contends that the pretrial photographic lineup was unduly suggestive. He

argues that because he was the only suspect whose picture was common to the second and third lineups, "it was a foregone conclusion" that he would be identified. We disagree.

 "Unduly suggestive pretrial procedures may unfairly cause a witness to misidentify the defendant, and then to repeat the misidentification at trial." *State v. Smith*, 146 Ariz. 491, 496, 707 P.2d 289, 294 (1985). Thus, defendants are entitled to a hearing to determine whether a pretrial identification was unduly suggestive. *Id.* "At the hearing the prosecution must establish with clear and convincing evidence that the pretrial identification procedure was not unduly suggestive and therefore would not taint the in-court identification." *Id.*

 If the court determines that a lineup is unduly suggestive, it must then determine whether the identification was reliable, considering the "totality of the circumstances." *State v. Chapple*, 135 Ariz. 281, 286, 660 P.2d 1208, 1213 (1983). "[T]he fact that a defendant's photograph was the only one to appear twice [in a photographic lineup is] not necessarily fatal." *State v. Alvarez*, 145 Ariz. 370, 372, 701 P.2d 1178, 1180 (1985).

> The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*State v. Via*, 146 Ariz. 108, 120, 704 P.2d 238, 250 (1985), *cert. denied*, 475 U.S. 1048, 106 S.Ct. 1268, 89 L.Ed.2d 577 (1986) (quoting *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972)).

 Defendant filed a motion to exclude the pretrial identification, arguing that it would taint the proposed in-court identification. Accordingly, the trial court held a *Dessureault* hearing. The evidence established that there were three photographic lineups. The first did not contain defendant's photograph, and the victim did not identify a suspect. After receiving further information, the detective prepared a second lineup that did contain defendant's photograph. The victim stated that although defendant's photograph looked like the person who robbed him, that person had shorter hair; therefore, he could not make a positive identification.

At the request of the victim, the detective obtained a more recent picture of defendant with shorter hair and prepared a third lineup, placing defendant's picture in a different position in the lineup. The victim identified defendant's picture stating that "he [was] 100 percent sure that this person [was] the person who had robbed him." The trial court ruled that the pretrial identification procedure was not unduly suggestive.

In *Alvarez*, the trial court allowed the in-court identification of the defendant, although the defendant's photograph was the only one common to two photographic lineups. 145 Ariz. at 371, 701 P.2d at 1179. The first lineup depicted full frontal views, and the victim chose two individuals who resembled the defendant; one of those was in fact the defendant. *Id.* at 371–72, 701 P.2d at 1179–80. The second lineup contained profile shots, and the victim positively identified the defendant. *Id.* at 372, 701 P.2d at 1180.

Our supreme court recognized its prior disapproval in *Via*, 146 Ariz. at 119–20, 704 P.2d at 249–50, of multiple lineups having in common only the prime suspect's picture; however, the court noted that despite a suggestive identification procedure, an identification might still be reliable under the totality of the circumstances. *Id.* Considering that the victim had "rivet[ed] her attention upon her attacker," and that the victim positively identified the defendant in the second lineup, the court found no error. *Id.*

We have reviewed the three lineups in this case and do not find them unduly suggestive. Nor do we find that they would lead to a "foregone conclusion" that this defendant would be identified. Defendant's photographs in the second and third lineups are different from one another. The second lineup contains a photograph of defendant with long hair, while the third lineup contains a photograph of defendant with shorter hair. Additionally, in the third photograph, defen-

dant's face is more round and his eyes are more open.

■ Even assuming the procedure was suggestive, we find it reliable. *See Alvarez,* 145 Ariz. at 371–72, 701 P.2d at 1179–80. As to the manager's degree of attention, he testified that he held the door open for defendant as he entered the store. In addition to observing defendant throughout most of the incident, the manager testified that at one point he was six inches from defendant's face. Further, the gun was pointed approximately three inches from the manager's face. As to the degree of certainty, the manager told the police officer, upon being shown the third lineup, that he was "100 percent sure" defendant was the person who robbed him. When questioned in court as to why he was identifying defendant as the armed robber, the manager testified, "Because he is the same person who robbed me."

Defendant asserts that *Via* is analogous to this case. We disagree. In *Via,* the defendant was the only person pictured in the photographic lineup who was also present at the subsequent live lineup. 146 Ariz. at 119, 704 P.2d at 249. A witness was unable to identify the defendant in the photographic lineup, but was able to identify the defendant in a subsequent live lineup. *Id.* Conversely, in this case, the manager did reference defendant's picture in the second lineup and requested a picture of defendant with shorter hair. These facts are comparable to those in *Alvarez,* and accordingly, we find no error in the trial court's ruling.

## II. *Dessureault Instruction*

Defendant argues that the trial court erred in failing to give his requested *Dessureault* instruction. According to defendant, the trial court apparently relied on *State v. Harris,* 23 Ariz.App. 358, 533 P.2d 569 (1975). Defendant asserts that the holding in *Harris* is incorrect.

■ "[A]fter the court finds that the pretrial identification was unduly suggestive and that by clear and convincing evidence the in-court identification was not tainted, then, if requested, the court must give [an instruction in accordance with *Dessureault* ]." *Har-*

*ris,* 23 Ariz.App. at 359, 533 P.2d at 570. However, "the *Dessureault* instruction is only warranted if the trial court finds that the pretrial identification was unduly suggestive." *State v. Perry,* 116 Ariz. 40, 47, 567 P.2d 786, 793 (App.1977); *Harris,* 23 Ariz. App. at 360, 533 P.2d at 571.

In *Harris,* the victim was shown three photographic identifications. 23 Ariz.App. at 359, 533 P.2d at 570. One contained six full-faced photographs, out of which the victim chose the defendant. *Id.* The second was a color photograph of the defendant taken shortly after he was arrested, which the victim identified as the same man she had previously identified. *Id.* The third photo lineup did not contain the defendant's photograph, and the victim did not make an identification. *Id.* Division Two of this Court found the *Dessureault* requirements to be sequential, and held that if a pretrial identification is not unduly suggestive, no instruction is required. *Id.* at 359–60, 533 P.2d at 570–71.

Here, the trial court found that the pretrial identification was not unduly suggestive and ordered that the proposed in-court identification would not be precluded. We find no basis to contradict the holding in *Harris.* Accordingly, the trial court was not required to give a *Dessureault* instruction.

The dissenting judge takes the position that defendant is entitled to a *Dessureault* instruction upon request, regardless of the outcome of the *Dessureault* hearing. He reasons that entitlement arises if the evidence *raises any issue* as to the effect of pretrial identification procedures on the in-court identification.

We do not dispute that a defendant can always attack the validity of the in-court identification, nor do we dispute the defendant's right to present evidence or argue misidentification to the jury. What we do dispute is defendant's right to an instruction based on a tainted pretrial identification procedure, which the trial court found, by clear and convincing evidence, did not exist. *See State v. Moran,* 109 Ariz. 30, 31, 504 P.2d 931, 932 (1972) (finding that "the in-court identification was not tainted by prior identification procedures; therefore, the failure to instruct thereon was not error"); *see also*

*State v. Reid,* 155 Ariz. 399, 401, 747 P.2d 560, 562 (1987) ("If ... the facts of the case do not support the giving of an instruction, it is error to give it.").

In *Dessureault,* our supreme court found that the evidence supported the conclusion that the pretrial identification was unduly suggestive. 104 Ariz. at 384, 453 P.2d at 955. The tainted pretrial identification procedure triggered the necessity to give the *Dessureault* instruction. We do not have such a finding in this case. Here, after a hearing, the court found defendant's claim of a tainted pretrial identification proceeding baseless and a *Dessureault* instruction unwarranted.

The dissent further asserts that the third requirement in *Dessureault* "is not sequential to anything." However, we believe that by using "first," "second," and "third," the supreme court has implicitly directed that the requirements apply in sequence.

## CONCLUSION

We have reviewed the record for fundamental error and have found none. Because the pretrial identification was not unduly suggestive and the trial court did not err in refusing to give the *Dessureault* instruction, we affirm defendant's conviction and sentence.

PATTERSON, P.J., concurs.

KLEINSCHMIDT, Judge, dissenting.

I respectfully dissent. Evidence regarding the out-of-court identification and the procedures used to procure it were elicited at trial and argued to the jury. While I agree with the majority that the pretrial identification procedures employed in this case were not unduly suggestive, I think that the Defendant was entitled to the jury instruction he requested. That instruction, based on *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969), would have been as follows:

The State must prove beyond a reasonable doubt that the in-court identification of the accused is independent of any previous pretrial, out-of-court identification. If you determine that the in-court identification is not independent from any previous pretrial, out-of-court identification, then you

must find from other evidence in the case that the defendant is guilty beyond a reasonable doubt.

The trial judge refused the instruction because, having held a *Dessureault* hearing and determined that the pretrial procedures were not unduly suggestive, he was of the opinion that no such instruction was necessary. His ruling was in agreement with the decision of Division Two of this Court in *State v. Harris,* 23 Ariz.App. 358, 533 P.2d 569 (1975). The problem is that *Harris* is flawed. I believe that if the evidence raises any issue as to the effect of pretrial identification procedures on the in-court identification of the defendant as the perpetrator of the crime, the defendant is entitled to have a properly instructed jury decide that issue.

In *Dessureault,* our supreme court explained how trial courts should deal with allegedly suggestive pretrial identifications at the trial level:

*First,* if at the trial the proposed in-court identification is challenged, the trial judge must immediately hold a hearing in the absence of the jury to determine from clear and convincing evidence whether it contained unduly suggestive circumstances. In this the burden is on the prosecution to establish from all the circumstances surrounding the pretrial identification that it was not such as to be unduly suggestive.

*Second,* if the trial judge concludes that the circumstances of the pretrial identification were unduly suggestive or that the prosecution has failed to establish by clear and convincing evidence that they were not, then it is the prosecution's burden to satisfy the trial judge from clear and convincing evidence that the proposed in-court identification is not tainted by the prior identification.

*Third,* if requested, the court must instruct the jury that before returning a verdict of guilty it must be satisfied beyond a reasonable doubt that the in-court identification was independent of the previous pretrial identification or if not derived from an independent source, it must find from other evidence in the case that the

defendant is the guilty person beyond a reasonable doubt.

*Dessureault,* 104 Ariz. at 384, 453 P.2d at 955.

In *Harris,* the court said that the requirements laid down in *Dessureault* are sequential. In other words, according to *Harris,* unless the trial judge finds that the identification procedure was unduly suggestive but that there was no taint therefrom, the instruction referred to in the third step described in *Dessureault* need not be given.

There are four problems with *Harris.* First, the court's statement that no instruction was necessary was dictum. No such instruction was requested in that case.

Second, nothing in *Dessureault* says that the instruction is not required unless the judge finds that the pretrial identification procedures were unduly suggestive. As the discussion in *Dessureault* is phrased, the second inquiry is sequential to the first, but the third consideration—the need for an instruction—is not sequential to anything.

Third, the only explanation which *Harris* gives for its conclusion is based on a misreading of the earlier decision of our supreme court in *State v. Stow,* 109 Ariz. 282, 508 P.2d 1144 (1973). The court in *Harris* said:

In *State v. Stow,* the court held that the failure to give the [*Dessureault*] instruction was reversible error. The reason for that decision was that the pretrial identification was unduly suggestive....

*Harris,* 23 Ariz.App. at 359, 533 P.2d at 570 (citation omitted). What the court in *Harris* missed is that in *Stow* there was no holding either way as to whether the pretrial identification procedure in that case was unduly suggestive. Even if it can be inferred from the facts of *Stow* that the procedures in that case were unduly suggestive, the *Stow* decision does not say that an instruction would have been unnecessary if the procedures had been permissible.

Fourth, *Harris* also relies on *State v. Milton,* 86 N.M. 639, 526 P.2d 436 (App.1974) which held that it was not error to refuse an instruction like the one requested here because:

the question of improper photographic identification is a matter for the trial court

to decide in ruling on the admissibility of an in-court identification.

526 P.2d at 438. There is an impermissible leap in the logic of *Milton.* To rule on the admissibility of evidence says nothing about the need for an instruction on the defendant's theory of the case. Moreover, in *Milton* the New Mexico court relied on an earlier federal case, *United States v. Sutherland,* 428 F.2d 1152 (5th Cir.1970), *cert. denied,* 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972), and in so doing, read more into *Sutherland* than is there. *Sutherland* actually militates in favor of giving the jury instruction requested here because, without addressing the need for a jury instruction, *Sutherland* acknowledges that, even if the judge finds that pretrial identification procedures were not unduly suggestive, the defendant may still use the facts relating to those procedures to attack the validity of the in-court identification. This acknowledgement, coupled with the general rule that a defendant has the right to have the jury instructed on any theory of his defense which is reasonably supported by the evidence, supports the conclusion that the instruction should have been given in this case. *See State v. Bolton,* 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995).

The majority cites *State v. Moran,* 109 Ariz. 30, 504 P.2d 931 (1972) for the proposition that no *Dessureault* instruction need be given when the pretrial identification procedures were not suggestive. In *Moran* however, unlike in this case, the defense never argued that the pretrial procedures were unfair or suggestive.

An analogy suggested by the Defendant strongly supports his claim on this issue. When a defendant objects to the admission of statements he made which were allegedly involuntary, the trial court must hold a hearing to determine whether such was the case. *State v. Goodyear,* 100 Ariz. 244, 248–49, 413 P.2d 566, 570–71 (1966). Even if the trial judge finds that the statements were voluntary, and therefore admissible, the judge must, upon request by the defendant, instruct the jury on the issue of voluntariness. *State v. Linden,* 136 Ariz. 129, 137–38, 664 P.2d 673, 681–82 (App.1983). Why should a question about identification be treated any differently from a question about the voluntariness of statements?

I would reverse and remand for a new trial.