967 P.2d 136

**STATE of Arizona, Appellee,**

v.

**Jesus Rios DOMINGUEZ, Appellant.**

**No. 1 CA–CR 97–0903.**

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 1, 1998.

Redesignated as Opinion and
Publication Ordered Oct. 15, 1998.

462

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, and Jack Roberts, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Christopher Johns, Deputy Public Defender, Phoenix, for Appellant.

GERBER, Judge.

¶ 1   Jesus Rios Dominguez ("Dominguez") appeals his convictions and sentences for two counts of sale of a narcotic drug (cocaine base), class 2 felonies.   For the reasons that follow, we affirm his convictions and probationary sentence on one count of the indictment but remand the other count to the trial court for resentencing.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2   In March 1996, an undercover detective went to an apartment complex near downtown Phoenix.   According to the detective, Dominguez approached him and asked, "What's you need?"   The detective said he needed "20," street slang for $20 worth of "crack" cocaine base.   Dominguez escorted the detective to an apartment where he exchanged two cocaine rocks for $20.   The following day, the detective returned to the same location and made a second $20 purchase of cocaine base from Dominguez.

¶ 3   Three days later, the detective and two uniformed officers drove to the apartment complex in a police vehicle.   The detective covered himself with a blanket to conceal his identity.   When the uniformed officers shined their spotlight on a group of people

standing in the parking lot, the detective immediately recognized Dominguez as the man who sold him cocaine. After the uniformed officers arrested him, the detective confirmed they had apprehended the right individual. At trial, the detective positively identified Dominguez as the man who twice sold him cocaine.

¶ 4 The jury found him guilty of both counts of sale of a narcotic drug. The trial judge sentenced him to a minimum four-year prison term on Count II of the indictment and to a consecutive term of five years supervised probation on Count I. He also imposed a $2,000 fine on each count and ordered Dominguez to perform 360 hours of community service on Count I. Dominguez filed a timely notice of appeal and raises the following issues:

1. Whether the trial court erred in sentencing him to imprisonment under Ariz. Rev. Stat. Ann. ("A.R.S.") § 13–702.02 without considering the application of A.R.S. § 13–3419(A);

2. Whether fundamental error occurred when the trial court failed to ascertain that defendant knowingly, intelligently and voluntarily waived his right to testify at trial;

3. Whether fundamental error occurred when the trial court failed to instruct the jury, *sua sponte*, (1) on the defense of "mere presence" and (2) in accordance with *State v. Dessureault*, 104 Ariz. 380, 384, 453 P.2d 951, 955 (1969).

## DISCUSSION

### I. SENTENCING UNDER A.R.S. § 13–3419(A)

¶ 5 In sentencing defendant to imprisonment on Count II of the indictment, the trial judge applied A.R.S. § 13–702.02(A)(Supp.1997) which, at the time of the offense, provided:

A person who is convicted of two or more felony offenses not committed on the same occasion but consolidated for trial purposes shall be sentenced, for the second or subsequent offense, pursuant to this section.

1. Now A.R.S. § 13–3401(30)(c)(Supp.1997).

The statute specified a minimum prison sentence of four years, which the judge imposed. A.R.S. § 13–702.02(B)(3)(Supp.1997).

¶ 6 Dominguez objected and asserted that he should be sentenced under A.R.S. § 13–3419(A)(Supp.1997). At the time of the offense, this provision stated, in pertinent part:

Except for a person convicted of [certain possession offenses], *a person who is convicted of two or more offenses under this chapter that were not committed on the same occasion but that were consolidated for trial purposes, shall be sentenced for the second or subsequent offense pursuant to this section.* The person shall not be eligible for suspension of sentence, probation, pardon or release from confinement on any basis ... until the sentence imposed by the court has been served, the person is eligible for release pursuant to section 41–1604.07 or the sentence is commuted, except that *a person sentenced pursuant to paragraph 1 of this subsection shall be eligible for probation.*

(Emphasis added). Paragraph 1 of the subsection provides sentencing ranges for offenses in which the aggregate amount of drugs involved in one or both offenses is less than the statutory threshold amount. The statutory threshold amount of cocaine base is 750 milligrams. See former A.R.S. § 13–3401(28)(c) [1]. The parties stipulated that the aggregate weight of the cocaine base sold was 440 milligrams.

¶ 7 Defendant argues on appeal that the trial court erred in determining that his sentence on Count II was governed by A.R.S. § 13–702.02, rather than by A.R.S. § 13–3419. The state concedes that the trial court erred. Although we are not required to accept the state's confession of error, *State v. Sanchez*, 174 Ariz. 44, 45, 846 P.2d 857, 858 (App.1993), we agree with the parties that the trial court erred in sentencing defendant pursuant to A.R.S. § 13–702.02.

¶ 8 A.R.S. § 13–3419(A) mandates that sentences for offenses "under this chap-

ter" be imposed "pursuant to this section." [2] Apart from certain exceptions not at issue here, this statutory language makes section 13–3419 the exclusive sentencing provision for multiple drug offenses not committed on the same occasion but consolidated for trial. This statutory language therefore pre-empts potential conflict with section 13–702.02, which applies generally to multiple offenses not committed on the same occasion but consolidated for trial. *See Matter of Maricopa County, Juvenile Action No. JA 33794,* 171 Ariz. 90, 93, 828 P.2d 1231, 1234 (App.1991) ("Specific statutory provisions control over those that are general"). Further, our conclusion that section 13–3419 was specifically intended to govern in drug prosecutions is supported by the fact that the language directing that result (that the convicted person "shall be sentenced for the second or subsequent offense pursuant to this section") was added by the legislature in 1994, after the enactment in 1993 of the potentially conflicting language of section 13–702.02. *See* 1994 Ariz. Sess. Laws, ch. 236, § 12; 1993 Ariz. Sess. Laws, ch. 255, § 12.

▰ ¶ 9 Because it is unclear whether the trial judge would have imposed the same sentence on Count II had he recognized his authority to grant probation under A.R.S. section 13–3419(A), that count must be remanded for resentencing. *State v. Ojeda,* 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989).

## II. WAIVER OF RIGHT TO TESTIFY

▰ ¶ 10 Defendant did not testify at trial. He now asserts that fundamental error occurred because the trial judge failed to ascertain whether his waiver of the right to testify was knowing, intelligent and voluntary. However, in *State v. Gulbrandson,* 184 Ariz. 46, 65, 906 P.2d 579, 598 (1995), our supreme court held that the trial court was not required to obtain such a waiver, at least

in the absence of an indication at trial that defendant wished to testify. We find no fundamental error.

## III. JURY INSTRUCTIONS

[5] ¶ 11 Dominquez asserts that fundamental error occurred because the trial judge did not *sua sponte* instruct the jury on the defense of "mere presence" and on the evaluation of identification testimony under *Dessureault.* We find no fundamental error with regard to the absence of either instruction.

▰ ¶ 12 An instruction on "mere presence" [3] was unwarranted because the defense contended that the detective was mistaken in his identification of defendant, not that defendant was present when the cocaine base was sold by another. We have held that a trial court does not commit fundamental error in failing to instruct a jury on mere presence when "such an instruction would not have advanced the assertion that defendant was not guilty because he was not present." *State v. Aro,* 188 Ariz. 521, 525, 937 P.2d 711, 715 (App.1997). Here, failing to instruct the jury on mere presence is not fundamental error when the instruction would not advance the assertion of misidentification.

¶ 13 In *Dessureault,* our supreme court held that in cases in which an out-of-court identification procedure was at issue, the trial court may be required to instruct the jury

> that before returning a verdict of guilty it must be satisfied beyond a reasonable doubt that the in-court identification was independent of the previous pretrial identification or if not derived from an independent source, it must find from other evi-

---

2. Defendant's convictions for sale of a narcotic drug were in violation of A.R.S. § 13–3408(A)(7), which is within Chapter 34, pertaining to "Drug Offenses."

3. Because no such instruction was requested, none appears in the record. However, the instruction typically states:

> Guilt cannot be established by defendant's mere presence at the crime scene or mere association with another person at a crime scene. The fact that the defendant may have been present does not in and of itself make defendant guilty of the crimes charged.
> *State v. Noriega,* 187 Ariz. 282, 284, 928 P.2d 706, 708 (App.1996), *review dismissed,* 188 Ariz. 386, 936 P.2d 1280 (1997).

dence in the case that the defendant is the guilty person beyond a reasonable doubt.

104 Ariz. 380, 384, 453 P.2d 951, 955 (1969).

¶ 14 In *Dessureault,* the court also stated that the instruction is to be given "if requested." *Id.* Subsequently, the supreme court held that no fundamental error occurred when the court failed to give the instruction in the absence of a request from defendant. *State v. Lockett,* 107 Ariz. 598, 600, 491 P.2d 452, 454 (1971). Moreover, we have held that the instruction is required only when the trial court has previously determined that an out-of-court identification procedure was unduly suggestive. *State v. Osorio,* 187 Ariz. 579, 582, 931 P.2d 1089, 1092 (App.1996), *review dismissed,* 188 Ariz. 375, 936 P.2d 1269 (1997); *accord, State v. Harris,* 23 Ariz. App. 358, 359, 533 P.2d 569, 570 (1975). In this case, no such determination was made because defendant failed to request a *Dessureault* hearing.

## CONCLUSION

¶ 15 We affirm defendant's convictions and his probationary sentence on Count I. We vacate his sentence on Count II and remand that count to the trial court for resentencing in accordance with this decision.

PATTERSON, P.J., and GARBARINO, J., concur.