NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSHUA CHARLES HAFEN, *Appellant*.

No. 1 CA-CR 14-0600
FILED 8-11-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201300077
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Lawrence F. Winthrop joined.

**J O H N S E N,** Judge:

¶1          Joshua Charles Hafen appeals his convictions of burglary in the third degree and theft.  Hafen argues there is insufficient evidence to support the convictions and that the superior court erred in instructing the jury.  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2          Early one morning, a white pickup truck with a small trailer entered a self-storage facility.  A man and a woman exited the truck and forced open one of the storage units.  After loading items from the storage unit into the truck and trailer, they drove away.  Later that morning, the victim discovered her storage unit had been broken into and items were missing.  When shown video from a security system at the storage facility, the victim recognized the two people in the truck as former friends, one of whom she identified as Hafen.  Following up on that information, Mohave County Sheriff's deputies went to Hafen's residence, where they found a white pickup truck of the same make and items taken from the victim's storage unit.

¶3          Hafen was indicted on charges of burglary in the third degree, a Class 4 felony, and theft, a Class 1 misdemeanor.  The jury found Hafen guilty as charged.  The superior court suspended sentencing and placed Hafen on probation for two years.  Hafen timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, -4033(A)(1) (2015).[1]

---

[1]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

## DISCUSSION

### A.    Sufficiency of Evidence.

¶4            Hafen argues the evidence was insufficient to prove he was one of the persons who broke into and stole items from the victim's storage unit.  We review claims of insufficient evidence *de novo*, viewing the evidence in the light most favorable to upholding the verdict.  *See State v. Bible*, 175 Ariz. 549, 595 (1993).

¶5            In considering a claim of insufficient evidence, this court looks only to see whether substantial evidence supports the verdict.  *See State v. Scott*, 177 Ariz. 131, 138 (1993).  "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *State v. Spears*, 184 Ariz. 277, 290 (1996).  This court will reverse a conviction for insufficient evidence only if "there is a complete absence of probative facts to support [the jury's] conclusion."  *State v. Mauro*, 159 Ariz. 186, 206 (1988).

¶6            There was substantial evidence from which the jury could conclude beyond a reasonable doubt that Hafen was guilty of the crimes charged.  The victim recognized Hafen as one of the two people on the security video who broke into her storage unit.  While the video was not clear enough to make out faces, the victim testified that she recognized the two people based on their "body structure."  On cross-examination, the victim stated her identification was "not for sure."  Even though the victim's identification was not absolutely positive, our supreme court has stated: "On questions of identity, it is not necessary that a witness should swear positively and pointedly; it is only necessary and is of common occurrence, for them to swear that they believe the person to be the same, and the degree of credit to be attached to their evidence, is a question for the jury."  *State v. Dutton*, 83 Ariz. 193, 198 (1957) (quotation omitted).

¶7            Circumstantial evidence supported the victim's identification.  Substantial evidence required for conviction can be either direct or circumstantial and "the probative value of the evidence is not reduced simply because it is circumstantial."  *State v. Anaya*, 165 Ariz. 535, 543 (App. 1990).  The additional evidence included a witness at the storage facility who saw the people in the truck and testified that while he did not get a good look at their faces, the male had "scruff on his face."  When the sheriff's deputies contacted Hafen later that day, they saw he had a beard and sideburns.  There also was evidence that although the quality of the video was too poor to make out the license plate on the truck, the truck found

parked at Hafen's residence had stickers in similar locations as the truck in the security video. Finally, items stolen from the victim's storage unit were found at Hafen's residence. Considered together, the evidence was more than sufficient to support the jury's verdicts. *See State v. Fulminante*, 193 Ariz. 485, 494, ¶¶ 26-28 (1999) (applying totality of circumstances test for sufficiency of evidence).

## B. Jury Instructions.

### 1. *Willits* instruction.

¶8        Hafen argues the superior court erred by denying his request for a *Willits* instruction. *See State v. Willits*, 96 Ariz. 184 (1964). A *Willits* instruction informs the jurors that they may infer that missing evidence would have been exculpatory "[w]hen police negligently fail to preserve potentially exculpatory evidence." *Fulminante*, 193 Ariz. at 503, ¶ 62. We review a superior court's denial of a request for a *Willits* instruction for abuse of discretion. *Id.*

¶9        Hafen contends a *Willits* instruction should have been given based on the State's failure to preserve a pink afghan blanket identified by the victim as having been taken from her storage unit and the security video of the burglary. Hafen argues that if the afghan, which was found on his porch, had been preserved, it could have been tested to support his contention that it had been at the residence for weeks and just placed on the porch to air out because his cats had urinated on it. According to Hafen, an examination would have shown cat hair or urine on the afghan, thereby proving it had not been taken that day from the victim's storage unit. Hafen further argues that the failure to preserve the video from the storage facility security camera deprived him of the opportunity to try to enhance it to better see the truck, the individuals in the truck, and the stolen items.

¶10        The destruction or failure to preserve evidence "does not automatically entitle a defendant to a *Willits* instruction." *State v. Murray*, 184 Ariz. 9, 33 (1995). To receive a *Willits* instruction, the defendant must show that "(1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 8 (2014) (quotation omitted).

¶11        A sheriff's deputy testified that, rather than retain the afghan as evidence, authorities photographed and returned it to the victim. The victim, however, testified the afghan was never returned to her. Regardless

of what happened to the afghan, the superior court did not abuse its discretion in refusing a *Willits* instruction based on the afghan's unavailability. As the court noted in denying the instruction, a significant number of hours had passed between the burglary and the recovery of the afghan at Hafen's residence and therefore testing would not necessarily provide exonerating evidence as there could have been cat hair or urine on the afghan within minutes of its arrival at the residence. Because the superior court could reasonably conclude that the presence of cat hair and urine on the afghan would not have any tendency to exonerate Hafen, there was no error in refusing the instruction with respect to the afghan. *See State v. Watkins*, 126 Ariz. 293, 302 (1980) (*Willits* instruction properly refused when evidence had "no evidentiary value"); *State v. Garrison*, 120 Ariz. 255, 259 (1978) (same).

**¶12**        There likewise was no error by the superior court in refusing to give a *Willits* instruction in regards to the State's failure to preserve the storage facility security video. The video was not lost or destroyed by the State; the video simply was not collected because the sheriff's deputies lacked the equipment to do so. The storage facility had no way to transfer the video to the deputies and the deputies lacked the equipment to make a copy. In order to preserve the evidence in the best form available, a deputy took a photograph of the monitor displaying what the deputy considered the clearest frame of the video depicting the truck at the storage facility. Given the limited resources of the sheriff's department, the superior court could reasonably find that a copy of the full video was not "reasonably accessible evidence" and therefore a *Willits* instruction was not appropriate under the circumstances. *See Glissendorf*, 235 Ariz. at 150, ¶ 8.

**¶13**        Moreover, Hafen has not shown that the video would have had a tendency to exonerate him. There was testimony that the quality of video was quite poor, and this testimony is supported by the photograph taken of the video. Although Hafen argues on appeal that if the video was available it could have been analyzed and possibly enhanced, he has not shown that the video could be enhanced to show any more detail than what was available in the photograph. "To show that evidence had a 'tendency to exonerate,' the defendant must do more than simply speculate about how the evidence might have been helpful. . . . [T]here must be a real likelihood that the evidence would have had evidentiary value." *Glissendorf*, 235 Ariz. at 150, ¶ 9 (citations omitted). "The defendant must demonstrate that the lost evidence would have been material and potentially useful to a defense theory supported by the evidence." *State v. Williamson*, 236 Ariz. 550, 561, ¶ 36 (App. 2015) (quotation omitted). On this record, Hafen has failed to show the superior court abused its discretion in finding that he was not

prejudiced by the unavailability of the video. Accordingly, the court did not err in refusing the request for a *Willits* instruction.

## 2. Mere presence instruction.

**¶14** Hafen also argues the superior court erred by failing to give a mere presence instruction. A mere presence instruction typically states:

> Guilt cannot be established by the defendant's mere presence at a crime scene, mere association with another person at a crime scene or mere knowledge that a crime is being committed. The fact that the defendant may have been present, or knew that a crime was being committed, does not in and of itself make the defendant guilty of the crime charged. One who is merely present is a passive observer who lacked criminal intent and did not participate in the crime.

*See* Rev. Ariz. Jury Instr. Stand. Crim. 31.

**¶15** As Hafen acknowledges, he did not ask the superior court to give a mere presence instruction. Thus, this issue has been waived, except for fundamental error. *See* Ariz. R. Crim. P. 21.3(c); *State v. Gallegos*, 178 Ariz. 1, 12 (1994) ("[A] trial judge's failure to give an instruction *sua sponte* provides grounds for reversal only if such failure is fundamental error."). Fundamental error is error that "go[es] to the foundation of the case, . . . takes from the defendant a right essential to his defense, [and is] of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (quotation omitted).

**¶16** This court has held that in a prosecution for accomplice liability based on actual presence, a court must give a mere presence instruction when requested if the evidence supports it. *See State v. Noriega*, 187 Ariz. 282, 286 (App. 1996). This directive, however, does not apply here for two reasons. First, as previously mentioned, Hafen did not request a mere presence instruction. Second, Hafen was not charged as an accomplice; rather, the State argued that Hafen was guilty based on his own actions in breaking into the storage unit and taking the victim's property. Consequently, even if Hafen had requested such an instruction, the superior court would not have abused its discretion by denying the request. *See State v. Doerr*, 193 Ariz. 56, 65, ¶ 37 (1998) (noting that in *Noriega*, this court "expressly limited" the requirement of a mere presence instruction to a prosecution based on accomplice liability). There was no error, much less

fundamental error, in failing to give a mere presence instruction here.  *See State v. Dominguez*, 192 Ariz. 461, 464, ¶ 12 (App. 1998).

**CONCLUSION**

**¶17**      For the foregoing reasons, we affirm Hafen's convictions and the resulting disposition.



Ruth A. Willingham · Clerk of the Court
FILED: RT