145 P.3d 647

**STATE of Arizona, Appellee,**

v.

**Jacob PRICE, Appellant.**

**No. 1 CA–CR 04–0508.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 31, 2006.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel Criminal Appeals Section, Nicholas D. Acedo, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Susan Sherwin, Office of the Legal Advocate By Thomas J. Dennis, Deputy Legal Advocate, Phoenix, Attorneys for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Jacob Price (defendant) raises three issues on appeal following his conviction for one count of drive-by shooting, a class 2 dangerous felony, three counts of aggravated assault, class 3 dangerous felonies, one count of possession of a dangerous drug, a class 4 felony, and one count of misconduct involving weapons, a class 4 felony. For the following reasons, we affirm defendant's convictions and sentences.

## DISCUSSION

### A. The Identification of Defendant

¶ 2 Defendant first asserts that the identification of him violated his constitutional right to a fair trial. Specifically, he asserts that the trial court erred in denying his late motion for a *Dessureault* hearing, committed fundamental error in allowing an in-court identification that was tainted by a suggestive pretrial show-up with defendants picture, and by denying his request for a *Dessureault* instruction. *See State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969). We find no abuse of discretion by the trial court.

¶ 3 Defendant admits that his motion was untimely when it was made on the second day of trial. *See* Ariz. R.Crim. P. 16.1(b). Rule 16.1(c) provides that any motion not timely raised ... shall be precluded unless the party did not or could not through reasonable diligence have known the basis for the motion. Nevertheless, the trial court did consider and deny the motion. We find no abuse of discretion in the trial courts determination that the motion was untimely or its conclusion that there was no merit to the allegation that the identification procedure was unduly suggestive, or that it tainted the in-court identification. *See State v. Atwood,* 171 Ariz. 576, 603, 832 P.2d 593, 620 (1992) (finding no error when the trial court determined that the witnesses' identification of defendant was reliable under the totality of the circumstances).

¶ 4 As to defendants claim that the victims in-court identification was tainted, we find that the victim had a good opportunity to see defendant in his vehicle prior to when he began shooting, that she made the show-up identification based on defendants identify card left in the abandoned vehicle shortly after the crime, and that her identification of defendant was highly consistent with her earlier description of the shooter to the police. Although the use of defendants identity card was suggestive, there is no indication that the identification was unreliable. *See State v. Williams,* 144 Ariz. 433, 440, 698 P.2d 678, 685 (1985) (holding that a suggestive identification is admissible when the circumstances surrounding the identification show the identification to be reliable). The victim testified at trial that she was 100 percent positive that the defendant seated in the courtroom was the shooter based on her initial observation of him in his vehicle. Because we find no error in the in-court identification of defen-

dant and find that the pretrial identification was not unduly suggestive, defendant was not entitled to a *Dessureault* instruction in addition to the instruction that the jury needed to find beyond a reasonable doubt that he committed the crime. *See State v. Moran,* 109 Ariz. 30, 31, 504 P.2d 931, 932 (1972); *State v. Barr,* 183 Ariz. 434, 442, 904 P.2d 1258, 1266 (App.1995) (the trial court is not required to provide additional instructions that merely reiterate or enlarge the instructions in a defendant's language) (citations omitted).

## B. Lesser–Included Jury Instruction

■■■ ¶ 5 Defendant next asserts that the trial court erred in denying his request for a jury instruction on the lesser-included offense of disturbing the peace on the aggravated assault charges. We review the trial courts decision to refuse a jury instruction under an abuse of discretion standard. *State v. Brown,* 204 Ariz. 405, 407–08, 64 P.3d 847, 849–50 (App.2003).

■■■ ¶ 6 The trial court must instruct on a lesser-included offense if requested and if the evidence supports such an instruction. *State v. Detrich,* 178 Ariz. 380, 383, 873 P.2d 1302, 1305 (1994); Ariz. R.Crim. P. 23.3. The test for whether an offense is a lesser-included offense is whether the offense is, by its nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even if it is not always a constituent part of the greater offense. *State v. Chabolla–Hinojosa,* 192 Ariz. 360, 363, § 12, 965 P.2d 94, 97 (App. 1998). A lesser-included offense instruction must be given if the jury could rationally find that the state failed to prove the distinguishing element of the greater offense. *See Detrich,* 178 Ariz. at 383, 873 P.2d at 1305; *State v. Corona,* 188 Ariz. 85, 89, 932 P.2d 1356, 1360 (App.1997).

¶ 7 Here, defendant was charged with multiple counts of aggravated assault and misconduct involving a weapon arising from a vehicle to vehicle drive-by shooting. His defense was that he was misidentified as the shooter despite the fact that his identity card and gun were found in the suspect vehicle which was registered to defendant and his sister. Had the jury accepted defendants version of the facts, it would have been re-

quired to acquit him. Under no theory could he have been guilty of disturbing the peace. Because defendants sole defense was mistaken identity, the trial court did not err in denying his motion for a lesser-included offense instruction.

## C. Sentencing Issues

■ ¶ 8 Finally, defendant asserts that his sentences on five of the six charges were unconstitutional, pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because a jury did not determine the aggravating factors used for sentencing. Defendant concedes, while preserving the argument for higher review, that this court has already found Arizonas sentencing scheme constitutional. *See State v. Superior Court (Tinnell),* 209 Ariz. 195, 197, §§ 6–7, 98 P.3d 881, 883 (App.2004). He asserts that the method used in his case rendered his sentencing, as related to aggravating sentences, unconstitutional.

■■ ¶ 9 The trial court found that defendant was a danger to the community and that, by a preponderance of the evidence, defendant was involved in an unrelated homicide shooting for which he was later acquitted [CR 2002–016477] tried before the same judge. The court found several mitigating factors related to defendants upbringing. Generally, the trial court must impose the presumptive sentence unless circumstances alleged to be in aggravation or mitigation of the crime are found to be true.... A.R.S. 13–702(B) (2001). The statutory maximum sentence authorized by a jurys verdict in Arizona is the presumptive term. *See Blakely,* 542 U.S. at 303, 124 S.Ct. 2531 (maximum sentence authorized for an offense is the sentence that could be imposed based solely on facts admitted by defendant or reflected in the jurys verdict). When one aggravating factor is properly found, *Blakely* is satisfied. *State v. Martinez,* 209 Ariz. 280, 284, § 16, 100 P.3d 30, 34 (App.2004), *aff'd in pertinent part,* 210 Ariz. 578, 115 P.3d 618 (2005). Once authorized to sentence within the statutory range for aggravated sentences, the facts legally essential to the punishment have been found. Other factors in aggravation or mitigation may then be considered. *Tinnell,* 209 Ariz. at 198, 98 P.3d 881, § 12, 98 P.3d at 884.

¶10 Defendant argues that the trial court erred in using either aggravating factor. The state asserts that there is ample evidence to support the trial courts finding that defendant had a history and priors demonstrating that he was a danger to the community. We agree and hold that no new fact finding is necessary. *See Blakely*, 542 U.S. at 301, 124 S.Ct. 2531; *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (prior convictions may properly be used as aggravating factors).

¶11 Defendant was a prohibited possessor of a gun when he committed the instant series of crimes. In addition to the aggravated assault and weapons misconduct charges here, we note that the trial judge sentenced defendant, following a plea in CR 2003–020321, for an earlier class 4 felony of misconduct involving weapons for the purchase of an AR–15 Bush Master assault rifle. Defendants juvenile record reveals a delinquency adjudication and commitment to the Arizona Department of Juvenile Corrections for burglary, criminal damage, theft of a vehicle, minor in possession of a firearm, control of a firearm, armed burglary, trespassing, curfew violation, and misconduct involving a weapon. As the trial court stated at sentencing, defendant has a penchant for weapons. We find this to be a fair characterization of defendants prior convictions, and an obvious implication from the judicial record. *See Brown v. Greiner*, 409 F.3d 523, 535 (2nd Cir.2005) (sentencing judge can characterize defendants prior offenses); *United States v. Carpenter*, 406 F.3d 915, 917 (7th Cir.2005) (legal analysis of prior crimes not a *Blakely* fact). The *Apprendi–Blakely* line of cases does not prohibit a judge from considering the conclusive significance of a prior judicial record.... *Shepard v. United States*, 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)(plurality opinion). We hold that the sentencing judge properly considered information that defendants judicial record necessarily connotes when determining the significance of defendants prior convictions to the present offenses. Defendants prior offenses were criminalized precisely because of the danger to the community they presented. *See* A.R.S. 13–101(1) (2001) (public policy of this state proscribes conduct that unjustifiably and inexcusably causes or threatens substantial harm to individual or public interests).

¶12 The record, which includes prior convictions under the *Apprendi* exception, supports the trial courts determination that defendant was a danger to the community. Because there was one *Blakely*-compliant aggravating factor, and no error in the trial courts consideration of defendants involvement in the separate shooting incident, we affirm the sentences. *See Martinez*, 209 Ariz. at 284, § 16, 100 P.3d at 34; *State v. Kelly*, 122 Ariz. 495, 498–99, 595 P.2d 1040, 1043–44 (App.1979) (at sentencing, trial court may consider defendants prior conduct including evidence of crimes for which the defendant has been charged, tried and acquitted) (citations omitted).

## CONCLUSION

¶13 For the above stated reasons, defendants convictions and sentences are affirmed.

CONCURRING: PHILIP HALL, Presiding Judge and SUSAN A. EHRLICH, Judge.