SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-06-0435-PR |
| Appellee, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CR 04-0508 |
| JACOB PRICE, | ) | |
| | ) | Maricopa County |
| Appellant. | ) | Superior Court |
| | ) | No. CR 2002-017550 |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Gregory H. Martin, Judge

**VACATED IN PART AND REMANDED**
_____

Opinion of the Court of Appeals, Division One
213 Ariz. 550, 145 P.3d 647 (2006)

**VACATED IN PART**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Randall M. Howe, Chief Counsel
          Criminal Appeals Section
          Nicholas D. Acedo, Assistant Attorney General
Attorneys for State of Arizona

BRUCE PETERSON, OFFICE OF THE LEGAL ADVOCATE               Phoenix
     By   Thomas J. Dennis, Deputy Legal Advocate
Attorneys for Jacob Price
_____

**B A L E S**, Justice

¶ 1    We accepted review to determine whether the defendant's sentence was aggravated in violation of *Apprendi v.*

*New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296, 305 (2004), which hold that the Sixth Amendment affords a right to have a jury, rather than a judge, determine any fact, other than a prior conviction, that increases a defendant's statutory maximum sentence. The trial court imposed an aggravated sentence based on facts that the State now concedes were not found in compliance with *Apprendi* and *Blakely*. We hold that the case must be remanded for resentencing and reject the State's suggestion that, as a reviewing court, we should find other aggravating facts to uphold the flawed sentence.

## I.

¶ 2     In August 2001, while driving an SUV, Jacob Price fired a gun at a car. After a police pursuit, Price escaped on foot. Police seized a handgun and methamphetamine from Price's vehicle and later arrested him. A jury convicted him on six counts, including one count of drive-by shooting, Ariz. Rev. Stat. ("A.R.S.") § 13-1209 (2001), a class two felony; three counts of aggravated assault of passengers in the car, A.R.S. § 13-1204 (2001), class three felonies; and two other counts for class four felonies.

¶ 3     The drive-by shooting count and the aggravated assault counts involved the discharge of a deadly weapon and thus subjected Price to enhanced sentencing ranges for dangerous

2

felonies. *See* A.R.S. § 13-604(I) (2001).[1] Under A.R.S. § 13-702(C) (2001), Price's sentences were also subject to aggravation beyond their presumptive terms if there existed certain enumerated factors, such as the "presence of an accomplice," A.R.S. § 13-702(C)(4), or "the defendant was previously convicted of a felony within the ten years immediately preceding the date of the offense," A.R.S. § 13-702(C)(11). The statute, which has since been amended, also included a "catch-all" provision allowing aggravation based on "[a]ny other factor the court deems appropriate to the ends of justice." A.R.S. § 13-702(C)(18).

¶ 4        The trial court aggravated Price's sentences for the four dangerous felonies and imposed sentences totaling thirty-one years.[2] In aggravation the court found that Price was a "danger to the community and that he was by a preponderance of the evidence" guilty of an unrelated homicide for which he had

---

[1]   The class two dangerous felony had a presumptive term of ten and one-half years and a maximum term of twenty-one years. A.R.S. § 13-604(I). The class three dangerous felonies each had presumptive terms of seven and one-half years and maximum terms of fifteen years. *Id.*

[2]   The trial court imposed a fifteen-year sentence for the class two dangerous felony and eight-year sentences for each of the class three dangerous felonies. The sentences for one of the class three felonies and both of the class four felonies were concurrent with the sentence for the class two felony.

3

been acquitted by a jury. Although the court did not identify the statutory basis for these aggravating factors, they can only be based on the "catch-all" provision, A.R.S. § 13-702(C)(18), because neither is an enumerated aggravator.[3]

¶ 5 The trial court's belief that Price had committed the unrelated homicide significantly influenced the sentencing. When Price objected to the court's considering conduct for which he had been acquitted, the judge said that if the law barred him from relying on the homicide, he would be inclined to sentence Price differently. Price did not, however, object to the judge, rather than a jury, finding the aggravating facts.

¶ 6 On appeal, Price argued that his sentence was aggravated beyond the presumptive term in violation of the *Apprendi/Blakely* rule. The court of appeals affirmed the sentence but relied on a different rationale than had the trial court. Reviewing Price's judicial record, which did not include any prior felony that would qualify as an enumerated aggravator under A.R.S. § 13-702(C)(11), but did include juvenile adjudications, the court of appeals concluded that the record "necessarily connotes" and the trial court thus properly found

---

[3] A trial court should identify the statutory authority for each aggravating circumstance. *See State v. Anderson*, 211 Ariz. 59, 60 ¶ 4 n.1, 116 P.3d 1219, 1220 n.1 (2005) ("In order to facilitate appellate review, trial judges should indicate on the record the specific statutory subsection under which a criminal sentence is imposed.").

4

that Price was a danger to the community. *State v. Price*, 213 Ariz. 550, 553 ¶¶ 11-12, 145 P.3d 647, 650 (App. 2006).

¶ 7        After we granted review, the State conceded that it was error to aggravate Price's sentence based only on the non-jury determinations that Price had committed the unrelated homicide and was a danger to the community. Nonetheless, the State urges this Court to hold that Price's juvenile adjudications fall within the *Apprendi* prior conviction exception and that they exposed Price to an aggravated sentence.

## II.

¶ 8        The Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In Arizona, "the statutory maximum sentence for *Apprendi* purposes in a case in which no aggravating factors have been proved to a jury beyond a reasonable doubt is the presumptive sentence established" by statute. *State v. Martinez*, 210 Ariz. 578, 583 ¶ 17, 115 P.3d 618, 623 (2005). *See Blakely*, 542 U.S. at 303 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (emphasis in original)).

¶ 9        Based on the jury verdict alone, Price faced maximum

sentences of ten and one-half years for the class two felony and seven and one-half years for each of the class three felonies. *See* A.R.S. § 13-604(I). Thus, unless some aggravating factor constitutionally authorized an increase in Price's maximum sentence, the judge erred when he sentenced Price to aggravated sentences of fifteen years for the class two felony and eight years each for the class three felonies.

¶ 10 There are three ways an aggravating factor can constitutionally increase a maximum sentence. A jury can find the aggravating factor beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. The defendant can waive his *Apprendi* rights by stipulating to "the relevant facts or consent[ing] to judicial factfinding." *Blakely*, 542 U.S. at 310. Finally, either the judge or the jury can find "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490.

### A.

¶ 11 In this case, the jury did not find and Price did not admit any of the aggravating factors that subjected him to a sentence above the statutory presumptive sentence. As the State now concedes, the trial court erred when it increased Price's sentence based on the judge's findings that Price had committed an unrelated homicide and was a danger to the community.

¶ 12 The United States Supreme Court's recent opinion in *Cunningham v. California* makes the error clear. 549 U.S. __,

127 S. Ct. 856 (2007). There, the trial court aggravated Cunningham's sentence based upon, among other things, his "violent conduct, which indicated a serious danger to the community." 127 S. Ct. at 860. The Court held that California's sentencing law unconstitutionally allowed "the judge, not the jury, to find facts permitting an upper term sentence." *Id*. at 871. The Court rejected the idea that there is a Sixth Amendment "distinction between facts concerning the offense, where *Apprendi* would apply, and facts concerning the offender, where it would not." 127 S. Ct. at 869 n.14.

¶ 13     The court of appeals believed that a finding of "danger to the community" could be made by the court under the prior conviction exception if the finding was inherent in the defendant's criminal record, including juvenile adjudications. *Price*, 213 Ariz. at 553 ¶¶ 11-12, 145 P.3d at 650. Such reasoning, however, is foreclosed by the Supreme Court's subsequent decision in *Cunningham*. Even if a court could conclude from Price's judicial record that he is a danger to the community, this fact "concerning the offender," 127 S. Ct. at 869 n.14, cannot expose Price to an increased sentence unless it is submitted to a jury and proved beyond a reasonable doubt.

**B.**

¶ 14     While now conceding error with respect to the trial court's finding of aggravating factors based on danger to the

7

community and the unrelated homicide, the State nevertheless asks this Court to search the record for facts establishing a different *Apprendi*-compliant aggravating circumstance.

¶ **15**    If there is one *Apprendi*-compliant aggravating factor, "a defendant is exposed to a sentencing range that extends to the maximum punishment available under section 13-702." *Martinez*, 210 Ariz. at 584 ¶ 21, 115 P.3d at 624.  Once such a factor is properly found – by the jury, based on a defendant's admission, or, for a prior conviction, by the court or the jury – "the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *Id.* at 585 ¶ 26, 115 P.3d at 625.

¶ **16**    The trial court did not rely on any other factors to aggravate Price's sentence.  During sentencing, the trial court remarked that Price had a juvenile record that "was not the best" but expressly disclaimed considering that record as aggravating.  The State argues that the court's reference to Price's juvenile record represents a "finding" that Price's juvenile adjudications exist for purposes of the "catch-all" provision, A.R.S. § 13-702(C)(18), and that *Apprendi*'s prior conviction exception allows a judge, rather than a jury, to find the "fact" of juvenile adjudications. Thus, the State argues, the finding of the juvenile adjudications exposed Price to the

8

aggravated term, giving the judge discretion to find and rely on other aggravating circumstances, such as Price's dangerousness, in determining a sentence within the increased term.

¶ 17    The State's arguments are not persuasive.  Contrary to the State's suggestion, the trial court's comment that Price had a juvenile record is not, by any stretch, a finding that juvenile adjudications should serve as an aggravating factor. *Cf.* A.R.S. § 13-702(B) (noting that upper term sentence "may be imposed only if the circumstances alleged to be in aggravation . . . are found to be true by the trial judge . . . and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.").  In effect, the State suggests that even though the fact-finder did not validly find *any* aggravating factor that exposed a defendant to an aggravated sentence, a sentence should be upheld if an appellate court could find in the record *some* aggravating factor that could expose the defendant to a greater sentence and thus allow the sentencing judge to consider other facts not found by the jury in imposing a sentence within the higher range.

¶ 18    The State misapprehends the role of a reviewing court in non-capital criminal sentencing.   When a trial court improperly relies on an aggravating factor in violation of *Apprendi* and *Blakely* to subject a defendant to an increased maximum sentence, a reviewing court should not assume the role

9

of a sentencing judge and seek out new aggravating circumstances, not found below, to save the constitutionally flawed sentence.

¶ **19** Furthermore, to embrace the State's argument would require us to address several important issues that are unnecessary to resolve the case before us. The State assumes that Arizona's sentencing scheme permits the use of juvenile adjudications as an aggravating factor in adult sentencing and that juvenile adjudications fall within the *Apprendi* prior conviction exception. These propositions are far from established. *Compare United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001) (holding that the prior conviction exception should not extend to non-jury juvenile adjudications), *with United States v. Jones*, 332 F.3d 688, 696 (3d Cir. 2003) (holding that a non-jury "juvenile adjudication that . . . afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for *Apprendi* purposes"). The State also assumes that an unenumerated aggravating circumstance under the "catch-all" provision in A.R.S. § 13-702(C)(18) can by itself authorize an increase in a defendant's maximum sentence consistent with due process and the Sixth Amendment jury-trial right. *Cf. State v. Gomez*, 211 Ariz. 494, 502 ¶ 36 n.8, 123 P.3d 1131, 1139 n.8 (2005) (declining to address constitutionality of finding aggravators not specified

in the sentencing statute because defendant did not raise the issue); *State v. Glassel*, 211 Ariz. 33, 57 ¶ 103 n.18, 116 P.3d 1193, 1217 n.18 (2005) (same).  We decline to prematurely address these issues here.

### III.

¶ **20**     Because Price did not object in the trial court to the judge finding facts necessary to increase his sentence, he cannot obtain relief unless he shows "both that fundamental error occurred and that the error caused him prejudice."  *State v. Henderson*, 210 Ariz. 561, 568 ¶ 22, 115 P.3d 601, 608 (2005).

¶ **21**     By itself making the finding that Price was a danger to the community, the trial court denied Price "the right to have certain facts decided by a jury beyond a reasonable doubt," in violation of the Fifth and Sixth Amendments to the United States Constitution.  *Id*. ¶ 25.  Because this unconstitutional procedure "went to the foundation of [Price's] case," *id.*, there was fundamental error, even if we assume that that the "catch-all" provision can ever serve as the aggravator that qualifies a defendant for a higher statutory maximum sentence.

¶ **22**     Price must also show that this error prejudiced him. Prejudice in these circumstances turns on "whether a reasonable jury, applying the correct standard of proof, could have failed to find the existence of each aggravator."  *Id*. ¶ 28.  The trial judge found that Price was a danger to the community largely

11

because he believed that Price had committed the separate homicide. We are not convinced that a reasonable jury would have necessarily concluded that Price committed this homicide (indeed, a jury previously acquitted him for that offense) or, independent of that killing, was a danger to the community. The judge, as noted above, said that absent his finding regarding the homicide, he probably would have sentenced Price differently. Price has established prejudicial error.

**IV.**

¶ 23    For the foregoing reasons, we affirm the convictions, vacate the opinion of the court of appeals in part, vacate the sentence, and remand to the trial court for resentencing.


_____
                    W. Scott Bales, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice

**H U R W I T Z**, Justice, concurring

¶ 24	The Court today correctly remands this case for resentencing.	I join in its opinion without reservation.	I write briefly to address a question that the Court pretermits, *see* Op. ¶ 19 – whether a court can constitutionally employ only an unenumerated aggravating circumstance under the "catch-all" provision in former A.R.S. § 13-702 (C) (18) (2001)[4] to impose a sentence in excess of the statutory presumptive term.

¶ 25	When an aggravating circumstance subjects a defendant to a sentence greater than one that could have been imposed because of the jury verdict alone, that circumstance is "the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." *Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19 (2000); *see also id*. at 501 (Thomas, J., concurring) ("The aggravating factor is an element of the aggravated crime.").	*Apprendi* and its progeny teach that, with certain exceptions not relevant to this case, the Sixth Amendment requires that a jury find this additional element.

¶ 26	Price raised only Sixth Amendment arguments on appeal and the Court's opinion thus appropriately turns only on the

---

[4]	The "catch-all" provision has been amended and renumbered as A.R.S. § 13-702 (C)(24) (Supp. 2007-08).	For the reasons explained below, the concerns expressed in this concurrence apply equally to the amended provision.

13

denial of a right to jury trial. But even when a jury trial is afforded, a serious Fourteenth Amendment due process problem is presented if the "catch-all" is the only factor that makes a defendant eligible for a sentence beyond the presumptive term. In that situation, one of the elements of the aggravated crime under former A.R.S. § 13-702(C)(18) is effectively "[a]ny other factor the court deems appropriate to the ends of justice." Under the current "catch-all," A.R.S. § 13-702 (C)(24), the "functional element" of the aggravated crime in such a case is "[a]ny other factor that the state alleges is relevant to the defendant's character, background or to the nature or the circumstances of the offense."

¶ 27 A defendant has no notice, in advance of the conduct that exposes him to jeopardy for the "aggravated crime," of precisely what is proscribed under the critical "catch-all" element. It is as if the criminal code had one punishment for theft, and another for aggravated theft, the former consisting of theft simpliciter and the latter consisting of the elements of the theft plus "anything else the court or the state may someday later find relevant."

¶ 28 A statute that fails to provide fair notice of precisely what acts are forbidden "violates the first essential of due process of law." *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926). When criminal penalties are at issue,

14

"[a]ll are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939). Moreover, by failing to provide an explicit standard for a sentencing judge, the "catch-all" element would also seem to offend due process by allowing for arbitrary and discriminatory enforcement. See *Smith v. Goguen*, 415 U.S. 566, 575 (1974) ("Statutory language of such a standardless sweep allows policemen, prosecutors, and juries to pursue their personal predilections."); *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972) ("A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis . . . .").

¶ **29**      It is difficult for me to see how an element of a crime as loosely defined as the "catch-all" aggravator can satisfy these basic elements of due process when used as the only "functional element of a greater offense."[5]    However,

---

[5]    The due process problem I address is not presented when a clearly enumerated aggravator is found and the sentencing court also considers items falling under the "catch-all" in arriving at the sentence.   In that circumstance, the "aggravated crime" consists of the statutory elements of the underlying offense plus the enumerated aggravator.   Because the defendant is exposed to the greater sentence because of the enumerated aggravator, the "catch-all" in such a circumstance is simply a sentencing factor relevant to the judge's discretion in deciding what sentence to impose within the constitutionally authorized range, not a functional element of the "aggravated crime."   *See*

15

because Price did not raise this issue on appeal (and the State therefore has had no notice that the Court might address this issue), I am content to leave final resolution of this conundrum to another day.

_____
Andrew D. Hurwitz, Justice

CONCURRING:


_____
Michael D. Ryan, Justice

_____
*State v. Martinez*, 210 Ariz. 578, 585 ¶ 26, 115 P.3d 618, 625 (2005).