NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

THOMAS E. WOOTEN, *Appellant*.

No. 1 CA-CR 15-0415
FILED 4-19-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2013-438498-001
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Thomas E. Wooten, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

**¶1**        Thomas E. Wooten timely appeals from his conviction and sentence for misconduct involving weapons, a class 4 felony.   After searching the record on appeal and finding no arguable question of law that was not frivolous, Wooten's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error.   This court granted counsel's motion to allow Wooten to file a supplemental brief *in propria persona*, and Wooten did so. We reject the arguments raised in Wooten's supplemental brief and, after reviewing the entire record, find no fundamental error.   Therefore, we affirm Wooten's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On March 20, 2013, Wooten sold a Draco pistol to a Maricopa County, Arizona pawnshop.   He gave his identification to the clerk and signed the pawn ticket.   He also placed his right-index fingerprint on the pawn ticket's upper right corner.

**¶3**        About two months later, the Phoenix Police Department received a list of sellers and buyers of firearms from local pawnshops, ran background checks to look for prohibited possessors, and discovered Wooten's sale.   Based on this information, Detective M.C. interviewed Wooten, after warning him of his *Miranda* rights.[2]  Wooten first told the detective a stranger outside the pawnshop had asked him to help make the sale because the stranger did not have the necessary identification.   Wooten also told the detective he never touched the pistol.   After further

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Wooten. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

questioning, however, Wooten said, "[The stranger] set it on the counter," and "I handed it to the [pawnshop clerk]."

¶4            At trial, the owner of the pawnshop testified that, as part of his procedures, he always asks for the identification, signature, and a fingerprint of the person he sees "with the gun." A fingerprint examiner then testified Wooten's fingerprint was on the pawn ticket. The State also introduced into evidence exhibits showing Wooten was a prohibited possessor because of prior felony convictions. In his case-in-chief, Wooten testified he knew the person trying to sell the pistol but he had never touched the gun. Because the person selling the gun did not have identification, Wooten simply was the "middleman."

¶5            Based on the foregoing evidence, a jury found Wooten guilty of one count of misconduct involving weapons. As we discuss further below, *see infra* ¶ 13, the superior court sentenced Wooten to a presumptive term of ten years as a category three repetitive offender and awarded Wooten 32 days of presentence incarceration credit.

**DISCUSSION**

I.      Supplemental Brief

¶6            As we construe his supplemental brief, Wooten first argues the superior court improperly admitted his interview with the detective into evidence even though the detective continued to question him after he had asked for an attorney. Wooten did not raise this *Miranda* argument in the superior court, and thus we review for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005). Before Wooten's pretrial interview, Detective M.C. read Wooten his *Miranda* rights and Wooten responded that he understood his rights. At trial, Wooten testified he eventually asked for an attorney during the interview. Following Wooten's testimony, his counsel asked to admit a less-redacted version of the interview that would have included the request. Although the superior court granted the request, ultimately defense counsel decided not to present a less-redacted version of the interview. The record, thus, does not reflect when, during the interview, Wooten made this alleged request for an attorney or what the surrounding circumstances were. Thus, we cannot determine what statements should have been suppressed even if there was a *Miranda* violation. Therefore, on the record before us, Wooten has failed to show fundamental, prejudicial error. *Id.* (appellant bears the burden of proving fundamental, prejudicial error).

**¶7** Wooten next argues the "prosecutor knew the truth" and engaged in prosecutorial misconduct by proceeding with the trial despite evidence that another person had sold the pistol and despite allegedly knowing the police had lied about how they acquired evidence against Wooten.[3] We reject both arguments. The record does not reflect any evidence of prosecutorial or police misconduct, and the State presented substantial evidence that Wooten had possessed the pistol, *see supra* ¶¶ 2-4.

**¶8** Even so, Wooten argues the superior court improperly denied his Rule 20 motion despite a lack of physical evidence connecting him to actual possession of the pistol. Although the State did not test the gun for DNA or fingerprints and did not present any witnesses who testified seeing Wooten with the pistol, it was under no obligation to do so. *See State v. Torres*, 162 Ariz. 70, 76, 781 P.2d 47, 53 (App. 1989) ("Police generally have no duty to seek out and obtain potentially exculpatory evidence.") (citation omitted); *see also State v. Kuhs*, 223 Ariz. 376, 382, ¶ 24, 224 P.3d 192, 198 (2010) (appellate court reviews sufficiency of the evidence by determining whether jury's findings are supported by substantial evidence; that is, evidence that is adequate to support a reasonable person's conclusion of defendant's guilt beyond a reasonable doubt); *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003) (substantial evidence may be direct or circumstantial; denial of Rule 20 motion reviewed for abuse of discretion).

**¶9** Wooten further argues the superior court improperly denied his Rule 20 motion because the State failed to present evidence that the pistol worked at the time of sale. Operability is not an element of the offense, and thus the State was not obligated to demonstrate the gun was operable. Ariz. Rev. Stat. ("A.R.S.") § 13-3101(A)(4) (Supp. 2012) ("Firearm does not include a firearm in permanently inoperable condition."); *see also* A.R.S. §§ 13-3101(A)(8), -3102(A)(3) (Supp. 2012). Instead, permanent inoperability is an affirmative defense, which means that Wooten bore the burden of proving it. *State v. Young*, 192 Ariz. 303, 307, ¶ 16, 965 P.2d 37, 41 (App. 1998). Nevertheless, the State presented testimony both from the buyer of the pistol that he had fired it two to three weeks after buying it, and from the pawnshop operator that he checks weapons to make sure they are "in working condition."

---

[3]Wooten has not argued the superior court should have informed the jury that the third person had invoked his Fifth Amendment right not to incriminate himself in refusing to testify at Wooten's trial. Thus, this issue is not before us and we express no opinion on it.

¶10 Finally, Wooten argues the superior court improperly instructed the jury on possession because "[c]onstructive possession is not the law." Because Wooten failed to object to the court's instruction, we review for fundamental error and find none. Ariz. R. Crim. P. 21.3; *State v. Morales*, 198 Ariz. 372, 374, ¶ 6, 10 P.3d 630, 632 (App. 2000). As relevant here, the court instructed the jury: "'Constructive possession' means the defendant, although not actually possessing an object, knowingly exercised dominion or control over it, either acting alone or through another person." On its face, the instruction was proper, as it closely tracked the language of A.R.S. § 13-105(35) (Supp. 2012).

II.    Anders Review

¶11 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Wooten received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶12 The jury was properly comprised of eight members, and the court properly instructed the jury on the elements of the charge, Wooten's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.[4] The superior court received and considered a presentence report, Wooten was given an opportunity to speak at sentencing and did so, and the superior court imposed a sentence within the range of acceptable sentences for his offense as a category 3 offender. A.R.S. § 13-703(J) (Supp. 2012).

¶13 At the sentencing hearing and in the sentencing minute entry, the superior court clearly identified one of the historical prior felony convictions it relied on in sentencing Wooten under A.R.S. § 13-703(J)—a

---

[4]We note, however, that in its preliminary instructions, the superior court improperly instructed the jury to "accept [stipulated facts] as the truth." In the final instructions, however, the superior court correctly informed the jury that it must treat stipulations "as any other evidence. You are free to accept it or reject it, in whole or in part . . . ." *State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009) ("[S]tipulations do not bind the jury, and jurors may accept or reject them."). Thus, any confusion caused by the preliminary instruction was harmless. *See Henderson*, 210 Ariz. at 567, ¶ 18, 115 P.3d at 607.

felony offense committed in 1994 (FVW94WF1073).[5]  It did not, however, clearly identify the second historical prior felony conviction it relied on.  It should have done so.  *Cf. State v. Price*, 217 Ariz. 182, 184, ¶ 4 n.3, 171 P.3d 1223, 1225 n.3 (2007) ("A trial court should identify the statutory authority for each aggravating circumstance.") (citing *State v. Anderson*, 211 Ariz. 59, 60, ¶ 4 n.1, 116 P.3d 1219, 1220 n.1 (2005)).  Wooten, however, raised no objection to the superior court's failure to identify the second historical prior felony conviction with specificity, and, therefore, our review is for fundamental, prejudicial error.  *Henderson*, 210 Ariz. at 567-68, ¶¶ 19-20, 115 P.3d at 607-08.  Because the record demonstrates Wooten had a second historical prior felony conviction — misconduct involving weapons, committed in 2002 (CR 2002-0099498) — we find no fundamental, prejudicial error.  *Id.*

¶14          At sentencing, the superior court also informed Wooten that he "will pay for any costs associated with the DNA testing."  The court may not order a defendant to pay for DNA testing.  *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013).  The sentencing minute entry does not, however, require Wooten to pay for DNA testing.

## CONCLUSION

¶15          We decline to order briefing and affirm Wooten's conviction and sentence.

¶16          After the filing of this decision, defense counsel's obligations pertaining to Wooten's representation in this appeal have ended.  Defense counsel need do no more than inform Wooten of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

---

[5]At the sentencing hearing, Wooten stipulated that the superior court could use this offense as a historical prior conviction.  Ariz. R. Crim. P. 17.6.  After questioning Wooten regarding his willingness to enter into the stipulation in accordance with Arizona Rule of Criminal Procedure 17.2, the superior court accepted the stipulation.

**¶17** Wooten has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Wooten 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama