NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOEL CALDERON, *Petitioner*.

No. 1 CA-CR 16-0635 PRPC
FILED 10-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-456846-001
The Honorable Sam J. Myers, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Joel Calderon, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

¶1 Joel Calderon petitions this Court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 In December 2013, Calderon was charged with five counts of sexual conduct with a minor fifteen years of age or older. Calderon was the victim's teacher at the time. Calderon pled guilty to three counts of attempted sexual conduct with a minor while in a teacher-student relationship. Calderon admitted that his actions had caused physical, emotional, or financial harm to the victim and that he was eligible for an aggravated sentence. The plea agreement provided for stipulated sentences of no more than five years in prison on count one and lifetime probation on the other two counts. The remaining charges would be dismissed. The court accepted the plea agreement and sentenced Calderon to a slightly mitigated prison term of three years' imprisonment and lifetime probation. He was provided with a Notice of Rights of Review, which he signed on December 5, 2014.

¶3 In June 2016, Calderon filed a petition for post-conviction relief alleging that his sentence of lifetime probation was an illegal sentence and that his trial counsel had been ineffective for failing to recognize the illegal sentence. The superior court dismissed the petition as untimely finding that Calderon's claim—that the delay in filing was through no fault of his own—was insufficient. The court further found that Calderon had failed to identify any new facts and that his recent discovery of legal issues did not supply a basis for relief pursuant to Rule 32.1(f). Calderon filed a motion for reconsideration, which was denied.

¶4 Calderon filed a timely Petition for Review claiming the superior court abused its discretion in finding his petition for post-conviction relief was untimely and that he had failed to demonstrate that his claims fell within Rule 32.1(e) and (f). He also claims his sentence of lifetime probation is illegal and that his trial counsel was ineffective.

¶5 Absent an abuse of discretion or error of law, this Court will not disturb the superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 576-77, ¶ 19 (2012). On review, Calderon bears the burden of establishing error. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2012). Calderon has failed to meet his burden.

¶6        A notice of post-conviction relief in a Rule 32 "of-right" proceeding must be filed within ninety days after the entry of judgment or sentence. Ariz. R. Crim. P. 32.4(a). A notice of post-conviction relief may be summarily dismissed as untimely if not filed within ninety days. *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999).

¶7        Calderon attempts to circumvent the timeliness requirement of his petition for relief by claiming he did not discover the legal theory upon which the petition was based until May 2016. Newly discovered material facts are facts that are discovered after trial, although they existed before trial, and the evidence could not have been discovered or produced at trial or on appeal through reasonable diligence. The evidence must be material and probably would have changed the verdict or sentence. *State v. Saenz*, 197 Ariz. 487, 489, ¶ 7 (App. 2000). Here, Calderon states that he only discovered a legal theory to pursue his claim in May 2016, and that his failure to discover his legal theory earlier was not his fault. He merges Rule 32.1 subsections (e) and (f) to excuse his failure to file within the timeline. He does not explain why he could not have filed within the timeline and provides nothing beyond his own conclusory assertions that his petition should be considered. The superior court correctly dismissed the petition as untimely.

¶8        Even if Calderon had filed his petition for post-conviction relief in a timely manner, his argument as to the legality of the imposition of lifetime probation fails. Lifetime probation was authorized by statute at the time Calderon committed his offense in 2013. *See State v. Peek*, 219 Ariz. 182, 184, ¶ 10 (2008) ("lifetime probation was clearly available for an attempted child molestation occurring . . . after the effective date of [Arizona Revised Statutes section 13-902(E)'s] 1997 amendment.").

¶9        Calderon's claim that a jury needed to find aggravating factors, and thus that the court was stripped of jurisdiction to sentence him, is erroneous. He admitted to the aggravating factor of physical, emotional, or financial harm to the victim in the plea agreement. A defendant may waive his *Apprendi*[1] rights by stipulating to the relevant facts or consenting to judicial fact-finding. *State v. Price*, 217 Ariz. 182, 185, ¶ 10 (2007). The plea agreement highlighted Calderon's admission of harm to the victim.

---

[1]        *Apprendi* rights recognize a defendant's right to have the jury determine facts relevant to increasing a penalty beyond the prescribed statutory maximum sentence, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), although a defendant can waive those rights by stipulation. *Blakely v. Washington*, 542 U.S. 296, 310 (2004).

"When a defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, [the court] will regard that factor as established." *State v. Murdaugh*, 209 Ariz. 19, 30, ¶ 51 (2004) (internal quotations omitted). Additionally, Calderon was not sentenced to an aggravated prison term on either count, but rather to a mitigated prison term on one count followed by probation on two other counts. Calderon's sentence was legally imposed.

**¶10**        Because Calderon bases his claim of ineffective assistance of counsel on a faulty illegal sentence and jurisdictional arguments, his allegation of ineffective assistance of counsel also fails.

**¶11**        The superior court correctly found it had subject matter jurisdiction to sentence Calderon. The petition was correctly dismissed as untimely and none of the exceptions cited by Calderon apply. He also fails to establish any colorable claims.

**¶12**        For the above stated reasons, we grant review and deny relief.

